IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIJAY MURUGESH ADAIKKAPPAN, on his own behalf, and on behalf of his two minor children, *Plaintiff* | : : : : : | CIVIL ACTION |
| v. | : : : | |
| WEST CHESTER AREA SCHOOL DISTRICT, *Defendant* | : : : : | No. 19-5495 |

## MEMORANDUM

PRATTER, J.                                                                                                  JANUARY 9, 2020

Vijay Murugesh Adaikkappan approached the Court seeking a temporary restraining order and preliminary injunction enjoining West Chester Area School District ("the District") from transferring his two disabled daughters to a new elementary school. At the conclusion of a hearing and oral argument, the Court denied Mr. Adaikkappan's requested relief, a decision formalized by Order dated December 23, 2019. This Memorandum details the precedent and reasoning underlying the Court's decision.[1]

### BACKGROUND

Mr. Adaikkappan has two daughters who he describes as suffering from Mast Cell Activation Disorder and a host of secondary health issues.[2] According to Mr. Adaikkappan, incidents of stress and anxiety can cause "flare-ups" of the children's conditions, impacting their physical, mental, and psychological wellbeing.

---

[1]     The Court recounted as much on the December 19, 2019 record.

[2]     These health issues include, but are not limited to, asthma, malabsorption, candidiasis, sleep apnea, histamine intolerance, and allergic rhinitis.

1

Because of these health problems, Mr. Adaikkappan and his wife chose to homeschool their older daughter until 2018 when the younger daughter became eligible for kindergarten. At that time, the family approached the District to discuss enrolling both children. The District permitted Mr. Adaikkappan and his wife to enroll their children in the school of their choice for the 2018–2019 school year. The family selected Exton Elementary School, which the District allowed the children to attend even though they did not live in that school's catchment area.

According to Mr. Adaikkappan, one benefit of Exton Elementary is that the physical education classes take place primarily indoors. This enables both children to more fully participate despite the severe environmental allergies secondary to Mast Cell Activation Disorder, which the father states require that the girls spend as much time as possible indoors away from outdoors environmental allergens. The District does not dispute that the children are disabled and maintains active Section 504 Service Agreements for both children under Section 504 of the Rehabilitation Act of 1973.

The District's policy only permits one-year-at-a-time student transfers. Therefore, the District required Mr. Adaikkappan to submit a new transfer request for the current 2019–2020 school year if the children were to continue attending Exton Elementary. When he reapplied, the District denied his request and informed him that his children could only remain enrolled at Exton Elementary if he provided the District with proof of residency in that school's catchment area.[3] To meet this requirement, Mr. Adaikkappan and his wife entered into a lease with Exton Crossing Apartments until they were able to secure a lease at Whiteland West Apartments, their preferred community. The District accepted the lease as proof of residency in the catchment area and permitted the children to return to Exton Elementary for the start of the 2019–2020 school year.

---

[3] Exton Elementary would also accept proof of residency at Whiteland West Apartments, which is to become part of the catchment area after redistricting.

2

Mr. Adaikkappan, believing the underlying denial of his transfer request and the resulting requirement that he provide proof of residency was improper, obtained counsel to assist him in discussions with the school. Following outreach from Mr. Adaikkappan's counsel, on October 21, 2019, counsel for the District allegedly "stated unequivocally that [the District] would grant the sought-after school transfer request" and prepare paperwork confirming the transfer. Compl. ¶ 56 (Doc. No. 1). Based on this representation, Mr. Adaikkappan canceled the Exton Crossing apartment lease. The Whiteland West lease was also terminated for unrelated reasons, and the family then had no active arrangement to reside in the Exton Elementary catchment area.

On November 13, 2019, the District's Director of Elementary Education allegedly informed Mr. Adaikkappan that the District had changed its mind, that it would not grant an attendance exception, and that his children would need to leave Exton Elementary immediately after the 2019 Thanksgiving break to attend East Bradford Elementary School.[4] At East Bradford Elementary, Mr. Adaikkappan believes the children, in deference to their disabilities, would participate in an ill-defined alternate physical education class separate from the rest of their classmates. Mr. Adaikkappan claims that the District did not consult the children's Section 504 teams before deciding that his daughters would be designated in this alternate physical education class.

## PROCEDURAL HISTORY

A week later, Mr. Adaikkappan filed a verified complaint for injunctive relief to prevent the District from removing his children from Exton Elementary, asserting that the District's actions violate Section 504 of the Rehabilitation Act of 1973 and regulation 34 C.F.R. § 104.34(a), as well as the District's own policy on school transfers for students covered by Section 504. He also filed a motion for a temporary restraining order, arguing that emergency relief was necessary because

---

[4] The Adaikkappan family lives in the East Bradford Elementary catchment area.

3

the District intended to remove his children from Exton Elementary on December 2, 2019, immediately following the Thanksgiving holiday.

The Court heard argument on Mr. Adaikkappan's motion for a temporary restraining order with all parties present. At the Court's urging, the parties agreed to postpone the children's removal from Exton Elementary until December 9, 2019. During this newly extended timeframe, the parties were to meet at East Bradford Elementary with the children's Section 504 teams to discuss the transition in detail and attempt to resolve their dispute.

The efforts to reach a resolution were unsuccessful and the Court received an update from Mr. Adaikkappan asking the Court to grant his original requests for a temporary restraining order and preliminary injunction to prevent the District from transferring his daughters to East Bradford Elementary. According to the update, the District still intended to transfer his children but had again pushed back the date of transfer to January 2, 2020. The Court then held a second hearing and oral argument on December 19, 2019, notifying the parties that the hearing would be "to resume resolution of the Motion for Temporary Restraining Order and address any issues that may remain relating to a preliminary injunction." Am. Notice of Hr'g (Doc. No. 8).

At the December 19, 2019 hearing, the primary piece of evidence presented by Mr. Adaikkappan to support the argument that his children were at risk of suffering irreparable harm if transferred to East Bradford Elementary was a doctor's note on a prescription pad form dated December 17, 2019—two days before the hearing—diagnosing both children with generalized anxiety disorder and strongly recommending that the children continue at their current school. No doctors or other healthcare or educational professionals were present at the hearing. Following questions from the Court, Mr. Adaikkappan disclosed that the person who wrote the note was a family friend who, although he had known the children since 2014, had never examined or treated the children (or reviewed their medical files or school records) before evaluating and diagnosing

4

them on December 17, 2019. The person reportedly (according to Mr. Adaikkappan) evaluated the children because he "wanted to help." Oral Arg. Tr. 19:5.

Mr. Adaikkappan was the only witness. When asked to describe the medical symptoms that the children suffer because of their Mast Cell Activation Disorder, he listed diarrhea, wheezing, asthma, tiredness, frequent urination, and allergy symptoms such as itchy eyes and runny nose. He further explained that stress and anxiety can cause the children to suffer "flare-ups" of their symptoms. According to Mr. Adaikkappan, a flare-up means that a number of these symptoms occur simultaneously. This prompts the children to take medications or be treated for each symptom separately because it appears that there is not one intervention that can control the entire flare-up.

The District contested Mr. Adaikkappan's request for a temporary restraining order and preliminary injunction both on the merits and on the basis that Mr. Adaikkappan had failed to exhaust mandatory administrative remedies. As to the latter issue, Mr. Adaikkappan argued that even if exhaustion were required of his claims, he was exempt from this requirement because exhaustion would be futile and/or result in severe or irreparable harm to the children.

After repeatedly asking plaintiffs' counsel if there was any more admissible evidence to present in support of the request for extraordinary relief, and at the close of all evidence and argument, the Court denied Mr. Adaikkappan's motion for a temporary restraining order and request for a preliminary injunction. The Court formalized its decision by Order dated December 23, 2019. The reasoning underlying this decision was set forth on the record and is explained in detail below.

## LEGAL STANDARD

### I. Temporary Restraining Order and Preliminary Injunction

The standard employed to determine whether a movant is entitled to a temporary restraining order is the same as that used for a preliminary injunction: the movant must demonstrate "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakers USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010); *see also Pileggi v. Aichele*, 843 F. Supp. 2d 584, 592 (E.D. Pa. 2012) ("The standard for granting a temporary restraining order . . . is the same as that for issuing a preliminary injunction.") (citing *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994)). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994)).

### II. Exhaustion

A plaintiff must exhaust the Individuals with Disabilities Education Act's ("IDEA") administrative procedures "before filing an action under the ADA, the Rehabilitation Act, or similar laws when (but only when) her suit seeks relief that is also available under the IDEA." *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 752 (2017) (quotations omitted). "[T]o meet that statutory standard, a suit must seek relief for the denial of a FAPE," meaning a free appropriate public education, "because that is the only 'relief' the IDEA makes 'available.'" *Id.* In determining whether a plaintiff seeks such relief, a court should evaluate "the crux—or, in legal-speak, the gravamen—of the plaintiff's complaint, setting aside any attempts at artful pleading." *Id.* at 755.

## Discussion

### I. Mr. Adaikkappan Failed to Establish the Elements Necessary to Obtain a Temporary Restraining Order or Preliminary Injunction

Mr. Adaikkappan has failed to meet his burden to establish all four elements necessary to obtain either a temporary restraining order or preliminary injunction because he has not demonstrated that his children will suffer irreparable harm if the temporary restraining order and preliminary injunction are denied.

Although the children undisputedly have a medical condition that qualifies them as disabled, and their father's concerns for them as their parent are genuine, the Court can only consider that evidence before it. Here, the evidence shows that if the District transfers the children, their father fears that they may experience stress or anxiety that could in turn cause them to suffer a flare-up of their Mast Cell Activation Disorder. A flare-up, the father states, could cause them to suffer a simultaneous occurrence of diarrhea, wheezing, asthma, tiredness, frequent urination, and/or various allergy symptoms. The Court cannot find that these expectations as expressed by Mr. Adaikkappan rise to proof of a risk of irreparable harm. *See Rush v. Corr. Med. Servs., Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (finding the plaintiff failed to demonstrate that his medical conditions were the "type of serious medical condition[s] which place[] him in danger of immediate harm" and explaining that "[t]o show irreparable harm, a plaintiff must demonstrate a clear showing of immediate, irreparable injury; an injunction may not be used to eliminate the possibility of a remote future injury") (citing *Acierno v. New Castle County,* 40 F.3d 645, 653 (3d Cir. 1994)). No medical records or medical testimony were presented despite repeated inquiry and opportunity from the Court, and the lone doctor's note from December 17, 2019—putting any suspect nature aside about the timing and circumstances of the note—is insufficient to raise legitimate concerns of harm.

Having failed to establish a risk of irreparable harm, Mr. Adaikkappan cannot secure a temporary restraining order or preliminary injunction.

## II. Mr. Adaikkappan Failed to Exhaust Administrative Remedies

Even if Mr. Adaikkappan met the elements necessary for a temporary restraining order or preliminary injunction, the Court finds he would still be precluded from such relief because he has failed to exhaust the available administrative remedies. Looking to the gravamen of Mr. Adaikkappan's complaint, he alleges that the District is in violation of 34 C.F.R. § 104.34, an implementing regulation of Section 504 of the Rehabilitation Act. A school district must satisfy the requirements of § 104.34 to provide a FAPE. *See* 34 C.F.R. § 104.33(b)(1) ("[T]he provision of an *appropriate education* is the provision of regular or special education and related aids and services that (i) are designed to meet individual educational needs of handicapped persons as adequately as the needs of nonhandicapped persons are met and (ii) are *based upon adherence to procedures that satisfy the requirements of §§ 104.34*, 104.35, and 104.36.") (emphasis added). By claiming that the District has violated § 104.34, Mr. Adaikkappan alleges that the District has denied his children a FAPE. And because his complaint seeks relief for denial of a FAPE—relief that is also available under the IDEA—Mr. Adaikkappan is subject to the IDEA's administrative exhaustion requirements.

The Third Circuit Court of Appeals recognizes four exceptions to the exhaustion requirement: "(1) exhaustion would be futile or inadequate; (2) the issue presented is purely a legal question; (3) the administrative agency cannot grant relief; and (4) exhaustion would cause severe or irreparable harm." *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 275 (3d Cir. 2014). It is undisputed that Mr. Adaikkappan has not exhausted his administrative remedies, and the Court finds that Mr. Adaikkappan has failed to demonstrate that any of these four exceptions apply. The issue presented in this case is not a purely legal question, and the administrative agency could grant

Mr. Adaikkappan the relief he seeks. Further, exhaustion here would not be futile or inadequate; if Mr. Adaikkappan's administrative efforts with the District were met with resistance or foot dragging, he could turn to the Court at that time with a request for some form of intervention, such as a stay or an order to expedite. (No such evidence was presented.) Finally, for the same reasons as described above, Mr. Adaikkappan has failed to produce evidence demonstrating that pursuing exhaustion would cause severe or irreparable harm. The Court has seen no evidence of the plaintiff's good faith efforts to work with the District personnel for the ultimate benefit of the children.

Mr. Adaikkappan seeks relief under the Rehabilitation Act for denial of a FAPE and is therefore subject to the IDEA's administrative exhaustion requirements. Because Mr. Adaikkappan has failed to either exhaust his administrative remedies or show that an exception to exhaustion applies, the Court cannot grant him the relief he seeks.

## CONCLUSION

For the foregoing reasons, Mr. Adaikkappan's motion for a temporary restraining order and request for a preliminary injunction are denied as set forth on the record and in this Court's Order dated December 23, 2019.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE